UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JOSEPH W. JENNINGS                                                                  PLAINTIFF

v.                                                CIVIL ACTION NO. 4:16CV-P168-JHM

WEBSTER COUNTY JAIL *et al*.                                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff originally initiated this *pro se* action pursuant to 42 U.S.C. § 1983 in the Northern District of Ohio (DN 1). At the time he initiated the action, he also filed a motion to proceed without prepayment of fees. By Order dated December 19, 2016, the Northern District of Ohio transferred the action to this Court (DN 3). On January 3, 2017, the Clerk of Court sent a deficiency notice to Plaintiff instructing him to remedy some deficiencies with the filing of the action. On March 8, 2017, this Court entered an Order granting Plaintiff's motion to proceed without prepayment of fees (DN 9). That Order was returned to the Court; it was marked "Inmate is no longer in our custody" (DN 10).

Upon the action being filed in this Court, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that over a month has passed without Plaintiff providing any notice of an address change. Because Plaintiff has failed to provide an updated address to the Court and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute."). .

Therefore, the Court will enter a separate Order consistent with this Memorandum Opinion.

Date: May 4, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.003